IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHIMEZIE OSONDU, #15392-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv404 |
| | | CRIMINAL ACTION NO. 4:08cr189 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Chimezie Osondu filed the above-styled and numbered *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

On April 14, 2009, Movant pleaded guilty pursuant to a written plea agreement to making false statements relating to health care matters, in violation of 18 U.S.C. § 1035. On September 14, 2009, Movant was sentenced to 55 months of imprisonment and ordered to pay $239,580 in restitution. He filed a notice of appeal, but the Fifth Circuit Court of Appeals dismissed his appeal based on the waiver of appeal contained in the plea agreement.

In Movant's § 2255 motion, he argues that he is entitled to relief because his plea was unknowing and involuntary based on his trial counsel's failure to investigate. Specifically, Movant asserts that, had counsel investigated, he would have found two patients (and probably more) that were willing to state that they had received physical therapy from Movant. Had counsel properly investigated and found these patients, Movant asserts that his restitution would have been less, based

1

on a lesser amount of loss to the victims. The Government filed a Response, urging that Movant's claims are barred by his voluntary and knowing plea agreement. Movant did not file a Reply.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28, United States Code, Section 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or

involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

<u>Voluntariness of Plea Agreement and Ineffective Assistance of Counsel</u>

In the present case, Movant asserts that his plea was unknowing and involuntary based on ineffective assistance of counsel. Specifically, he contends that, had counsel investigated his case, he would have found two patients, and possible more, that were willing to state that they had received physical therapy from Movant; therefore, the amount of loss to the victims would have not been as great, thereby reducing the restitution he was ordered to pay.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a movant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

3

Additionally, the Fifth Circuit has held that miscalculating a client's sentencing exposure does not amount to deficient performance required by the *Strickland* standard. *United States v. Herrera*, 412 F.3d 577, 580-81 (5th Cir. 2005); *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).

Movant signed a plea agreement on April 10, 2009, which states:

> I have read or had read to me this Plea Agreement. I have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

The plea agreement also states:

> Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes guilt and has concluded that it is in his best interest to enter this agreement rather than proceeding to trial.

Additionally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement." Finally, the plea agreement stated the following concerning the entirety of the agreement:

> Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is contradicted by his signed plea agreement.

At the plea hearing conducted by United States Magistrate Judge Don D. Bush, held on April 14, 2009, Movant affirmed that he had read his indictment and guilty plea agreement, understood them, and wished to continue in his plea of guilty. The Court reviewed Movant's rights with him – the right to a speedy trial, to confront and cross-examine witnesses, to present a defense, to have witnesses testify on his behalf, and to have effective assistance of counsel. Movant understood the rights and further affirmed that he was completely satisfied with his legal representation.

The Court reviewed the elements of the offenses, which Movant understood. It then went over the minimum and maximum penalties Movant was facing, including restitution, which Movant understood. The Court further explained the rights Movant was giving up by pleading guilty to a felony. The Court went over forfeiture provisions and Movant's right to appeal

The Court also reviewed the plea agreement with Movant, and he stated that he understood all the terms of the plea agreement and the rights he was waiving. He also said that there had been no other promises made to him or threats against him leading him to plead guilty. He said that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged. Movant also stated that nobody had forced him or threatened him or made promises to him to coerce him into pleading guilty. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *Diaz*, 733 F.2d at 373-74. The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature

of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980).

The Court reviewed, in detail, the rights that Movant was waiving by pleading guilty. It found that Movant, after consultation with counsel, knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses. Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is contradicted by his plea hearing.

Movant also signed a Factual Statement on April 10, 2009. In it, he acknowledges that he knowingly and willfully made and used materially false documents in connection with the delivery of and payment for health care benefits and services for which he was paid By Trinity Home Health, knowing that Trinity would seek reimbursement from Medicare. He admitted that the total amount of money billed using false information was approximately $250,000.

Findings of Fact and Recommendation on Guilty Plea were filed on April 29, 2009. In it, the Court found that Movant, after consulting with his counsel, knowingly and voluntarily consented to the guilty plea and allocution. The Court further found that Movant was fully competent and capable of entering an informed plea and that he was aware of the nature of the charges and the consequences of the plea agreement. The Court stated that the plea of guilty was a knowing and voluntary plea that was supported by an independent basis in fact containing each of the essential elements of the offenses. Movant's conclusory allegation in his motion that his plea was not

<mark>6</mark>

knowingly or voluntarily made is contradicted by his Factual Statement and the Findings of Fact.

On April 14, 2009, Movant signed "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution by United States Magistrate Judge." In it, he states that he understands his rights, and that by pleading guilty, he is giving up his trial rights, including the right to maintain a plea of not guilty, the right to remain silent, the right to call witnesses, the right to present evidence, the right to have a jury trial, the right to counsel, the right to cross-examine witnesses who testify against him, and the right not to be forced to testify if he so chooses. He states that he understands, by pleading guilty, that he is giving up these rights, except the right to counsel. He affirms that he is aware that the Court will consult the Sentencing Guidelines, but is not bound by them. Movant states that he realizes that, although he may have received an estimate as to his possible range of punishment, it is only an estimate, and that other factors could increase his sentence. He said that he understands that the Court is not bound by any agreements between the Government and himself.

Movant further states that he is making the guilty plea of his own free will, is not being forced to plead guilty, and has not been promised anything other than what is provided for in the plea agreement. He affirms that he is pleading guilty because he is guilty, and that he fully understands the charges against him, including the statutory maximum and minimum penalties, as well as terms related to supervised release, special assessment(s) and restitution. Movant states that he understands his appeal rights, and that such rights are limited by the plea agreement and waiver provision, which he also fully understands. He understands that he may not withdraw his guilty plea if his sentence is greater than what he originally believed it would be. He affirms that he fully understands the plea agreement, and that he is satisfied with his legal counsel's representation. He states that he is not under the influence of any substances or medication and that he is fully

7

competent to enter a plea before the Court. He finally affirms that he signed a factual statement and that the facts contained therein are true and correct. He states that he has reviewed it and that there are no material errors. Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is contradicted by his Consent form.

This Court concludes that Movant knowingly and voluntarily pleaded guilty – he fully understood the elements of the crime, the maximum sentencing range, and the rights he was waiving by pleading guilty. He has not shown that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz*, 718 F.2d at 1376-77. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000). However, the defendant "need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur." *Id*. "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." *Barbee v. Ruth*, 678 F.2d 634, (5th Cir. 1982), *cert. denied*, 459 U.S. 867, 103 S. Ct. 149, 74 L. Ed.2d. 125 (1982).

Movant fails to show error under the first prong of the *Strickland* test. He has failed to prove that he was given deficient or misleading advice or that he was coerced into pleading guilty. Thus, he cannot show that, but for trial counsel's allegedly erroneous advice or deficient performance, he

8

would have taken his chances at trial. Conclusory allegations and bald assertions are insufficient to support the motion. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). Moreover, Movant's assertion that counsel was ineffective for failing to find patients who would testify that they received physical therapy from Movant is misplaced. Even if such patients were found and such testimony was given, Movant pleaded guilty to making false statements relating to health care matters. The fact that Movant concedes that he is not a registered or licensed physical therapist, and that he filed statements to receive payment for services by a registered or licensed physical therapist, is sufficient to support an independent basis in fact containing each of the essential elements of this offense.

Because Movant failed to prove the first *Strickland* prong, it is not necessary to analyze the second prong. However, Movant also failed to present facts from the record or citations to law that would support a claim that the outcome of his case would have been different. Therefore, he also fails to meet the second prong of the *Strickland* test.

In conclusion, Movant's waiver is effective to bar relief in this case. His sentence of 55 months did not exceed the maximum sentence. He also has not shown ineffective assistance of counsel that affects the validity of his waiver. Because this Court has concluded that Movant's plea is knowing and voluntary, the plea agreement waiver bars relief on, or consideration of, any remaining claims, which do not fall within the exceptions allowed in Movant's waiver. Consequently, this motion should be denied.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37,

10

123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 25th day of April, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE